**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Nicholas J. Enns, Esq. (356855)
nick@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**LAW OFFICE OF ALBERT R. LIMBERG**
Albert R. Limberg, Esq. (211110)
alimberg@limberglawoffice.com
3667 Voltaire Street
San Diego, CA 92106
Telephone: (619) 344-8667

*Attorneys for Plaintiff,*
David Oelfke

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OELFKE,<br><br>Plaintiff,<br><br>V.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.: '25CV0505 W    BLM<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff DAVID OELFKE ("Plaintiff") through Plaintiff's attorneys, bring this lawsuit to challenge the actions of Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

9. Plaintiff is a citizen of the State of California.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA").

11. Because Defendant conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in San Diego County, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant operate within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, and, 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. On June 6, 2023, Plaintiff opened a credit card with Comenity to make a purchase of $1,689.

20. On July 24, 2023, Plaintiff used Capital One's mobile banking to send a check in the exact dollar amount to Comenity to pay of the full balance of the credit card.

21. That payment was never processed by Comenity.

22. When Plaintiff became aware there was still a balance on the Comenity card he contacted his bank (Capital One). Capital One sent a good faith letter to Comenity stating the full balance amount was sent, the payment should not be considered late, and any negative credit information regarding the transaction should be deleted.

23. On October 24, 2023, the $1,689 payment Plaintiff sent via Capital One in July was returned to his Capital One account by Capital One as the check Capital One sent was never processed.

24. On October 27, 2023, Plaintiff made a new payment in full of the same amount to Comenity and also submitted Plaintiff's Capital One's Good Faith letter regarding the prior payment to Comenity via Comenity's online portal.

25. Thereafter, Plaintiff received a letter from Midland on April 16, 2024, attempting to collect Plaintiff's debt. These communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

26. On July 18, 2024, Comenity sent Plaintiff an email stating that his account balance of $349.98 was being charged off and the debt was being sold to Midland for debt collection activities.

27. This transfer of debt from Comenity to Midland was made under a false representation of the obligations Plaintiff owed to Comenity and was used to threaten Plaintiff as a debtor and thus violated Cal. Civ. Code 1788.10(d).

28. This incurred financial obligations to the original creditor Comenity, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f); and, and, 15 U.S.C. § 1692a(5).

29. On July 25, 2024, Plaintiff received a letter from Midland stating what Plaintiff unfortunately already knew, that Comenity sold the disputed debt of $349.98 to Midland and Midland was trying to collect the debt.

30. On October 2, 2024, Plaintiff received a letter from Midland stating Midland was the legal owner of the account and Midland was entitled to repayment.

31. On October 23, 2024, Plaintiff called Midland and informed Midland the debt was invalid and Plaintiff was again disputing the charges with the assistance of his attorneys. Midland only informed Plaintiff of the balance and asked how Plaintiff planned to pay. Plaintiff informed Midland to refer all communications to his attorneys and gave Midland appropriate contact information.

32. On November 7, 2024, Plaintiff received a letter from Midland stating their investigation to Plaintiff's dispute was ongoing.

33. While Plaintiff awaited resolution of the dispute between himself and Midland, he did not pay the disputed charges.

34. On November 8, 2024, Plaintiff received a letter from Midland stating that their investigation was complete and their records were accurate, but also based on the information within Plaintiff's dispute that Midland was uncertain as to what Plaintiff was specifically disputing.

35. On December 10, 2024, Midland called Plaintiff regarding collection of the disputed debt. Plaintiff again directed Midland's representative to his attorneys.

36. These communications constitute "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

37. On January 3, 2025, Plaintiff again contacted Midland to provide Midland with notice of attorney representation and to inquire as to the status of the disputed debt.

38. On January 17, 2025, Midland *again* called Plaintiff attempting to collect on the disputed debt. The Midland representative confirmed Midland had Plaintiff's attorneys' information on file, but that Midland does not contact attorneys, and that Plaintiff's attorneys must contact Midland.

39. Through this conduct, Midland violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Midland violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Midland violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Midland violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Midland violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Midland violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Midland violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Midland violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Midland violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Midland violated Cal. Civ. Code § 1788.17.

44. Through this conduct by sending the letter, Midland violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; 1692f(1) as well as Cal. Civ. Code § 1788.17 for the reasons outlined above.

## CAUSE OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: March 3, 2025                                **LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420